UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD T. HEIT,

Plaintiff,

v.

JUDGE LYNNE A. PIERCE,

Defendant.
_______________________________ /

No. 14-11315

District Judge Paul D. Borman
Magistrate Judge R. Steven Whalen

**REPORT AND RECOMMENDATION**

On March 31, 2014, Plaintiff Richard T. Heit filed a *pro se* Complaint for Preliminary Injunction seeking to restrain enforcement of a portion of a personal protection order ("PPO") issued against him by Defendant Lynne A. Pierce, a Wayne County, Michigan Circuit Court Judge. Before the Court is Defendant's Motion to Dismiss [Doc. #10], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the Defendant's motion be GRANTED.

## I. FACTS

This case arose out of a divorce action in the Oakland County Circuit Court, before Judge Cheryl Matthews. (*Kurt Strong v. Sharon Strong*, Cir. Ct. No. 2009-758597-DM). Mr. Heit's fiancé, Sharon Strong, was the defendant in the divorce case. Apparently displeased with Judge Matthews' rulings, Mr. Heit made a number of comments about her, both outside the courtroom following a hearing, and later on his Facebook page. Perceiving these comments as threats, Judge Matthews filed a Petition for Personal Protection Order in Oakland County Circuit Court. The Petition was assigned to Oakland

County Circuit Court Judge Joanne Young, who disqualified herself, and it was reassigned to present Defendant Wayne County Circuit Judge Lynn A. Pierce.

In an attachment to her Petition[1], Judge Matthews alleged that following a hearing in the *Strong* case, Mr. Heit "went on a tirade about what had occurred at the hearing and my ruling," and made threats about her and other individuals involved in the hearing. According to Judge Matthews, Mr. Heit's statements outside the courtroom included[2] (a) "They are all liars;" (b) "We are going to take them down;" (d) We will take Matthews out. She has had it in for you from the start. She is only one step over a traffic cop. She will be in jail; (f) "Fuck those country club people; they all need to be gone; (g) "Fuck this country. I go away and fight for it and this is the shit I come back to; (h) "Fuck them all;" (i) "We will get this to appeals and take them all down."

In the attachment to her Petition, Judge Matthews also set forth a lengthy Facebook posting–which she characterized as a "rant"–attributed to Mr. Heit. In the posting, he complains in strong terms about Judge Matthews' ruling in the divorce case, about the divorce plaintiff's lawyer, and about the plaintiff himself. He states that his fiancé "has been systematically destroyed and rendered destitute by a rouge (sic) dishonest Judge, and a shithole snake of an Attorney, and faces the real threat of losing her home (again!) this coming month." He states that he has attended the court hearings, which he describes as "A farce! A mockery! A FUCKING JOKE! Dishonest Judge. Filthy lawyer, and a piece of shit, wet rag ex husband." He calls for the ex-husband's business to be boycotted, and states, in all upper-case letters, "DO NOT VOTE FOR JUDGE

---

[1] Defendant's Exhibit A.

[2] I have not set forth all of Mr. Heit's alleged statements. The numbering here corresponds to the numbering in Judge Matthews' Petition.

CHERYL MATTHEWS....”

The Petition alleges that Mr. Heit’s Facebook page also contains “several disturbing postings involving the use of guns, including: (a) ‘Keep calm and reload. Aim shoot again;’ (b) ‘Ladies, if your guy doesn’t know how to shoot a gun you have a girlfriend;’ (c) ‘Freedom has a nice ring to it...and a bit of a recoil;’ (d) ‘Guns don’t kill people–gaping holes in vital organs kill people.’”

On March 11, 2014, Judge Pierce granted a PPO against Mr. Heit. Relevant to the present case, the PPO prohibited Mr. Heit from “posting a message through the use of any medium of communication, including the Internet or a computer or any electronic medium, pursuant to MCL 750.411s.”[3] On or about March 17, 2014, Mr. Heit filed a Motion to Terminate Personal Protection Order. *See Complaint* [Doc. #1], Exhibit C. In ¶ 7, he stated, “Respondent challenges on it’s (sic) face the constitutional validity of MCL 750.411s, as it works to deny Respondent his First Amendment rights to free speech and expression. Specifically, Respondent’s rights to freely criticize governmental officials he believes and knows to be acting contrary to the U.S. and Michigan Constitutions....”

On April 1, 2014, Judge Pierce denied Mr. Heit’s motion, noting that “Respondent failed to appear.”

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint “for failure of the pleading to state a claim upon which relief can be granted.” Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), “matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment).” In

[3] Defendant’s Exhibit D.

assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In assessing the legal sufficiency of a complaint, the court must first determine whether a complaint contains factual allegations, as opposed to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 556 U.S. at 676 (citing *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 555 (2007)). Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief."

## III. DISCUSSION

The Defendant seeks dismissal on the basis of absolute judicial immunity and the application of the Rooker-Feldman doctrine. Citing *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999), she also suggests that because the complaint is frivolous or devoid of merit, the Court has the inherent authority to dismiss it under Fed.R.Civ.P. 12(b)(1)for lack of subject matter jurisdiction.

### A. Judicial Immunity

Citing *Pierson v. Ray*, 386 U.S. 547 (1967), Judge Pierce argues that she enjoys "absolute immunity from liability for actions taken in their judicial capacity in matters over which they have jurisdiction." *Brief in Support of Defendant's Motion* [Doc. #10], at 6. She would be correct if she were being sued for money damages in her individual

capacity. However, Mr. Heit has named her in her official capacity, and seeks only prospective injunctive relief. Under these circumstances, Judge Pierce is not entitled to judicial immunity. *See Pulliam v. Allen*, 466 U.S. 522, 541-542 (1984)("We conclude that judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity"); *Kennedy v. Etelamaki*, 2008 WL 4426341, *2 (W.D.Mich. 2008)("Plaintiff is only seeking injunctive and declaratory relief in this case. Therefore, the court concludes that Defendants Burke and Stapleton are not entitled to judicial immunity)"(Citing *Pulliam*).

Likewise here, *Pulliam* controls. Judge Pierce is not entitled to judicial immunity with regard to Mr. Heit's claim for prospective injunctive relief.

### B. Rooker-Feldman

The Rooker-Feldman doctrine[4] is based on the principle that a federal district court does not have appellate jurisdiction to review a state court judgment; that power is reserved to the Supreme Court under 28 U.S.C. §1257. In *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005), the Supreme Court explained the doctrine as follows:

> "The Rooker-Feldman doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.*, 544 U.S. at 284.

There are two reasons why Rooker-Feldman does not apply to this case. First, Mr. Heit filed his complaint in this Court on March 31, 2014. Judge Pierce entered her order

---

[4] The name derives from two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

denying his Motion to Terminate Personal Protection Order one day later, on April 1, 2014. Thus, the federal complaint was pending when the state court judgment was rendered. In *Exxon Mobil*, 544 U.S. at 292, the Supreme Court held as follows:

> "When there is parallel state and federal litigation, *Rooker–Feldman* is not triggered simply by the entry of judgment in state court. This Court has repeatedly held that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction....But neither *Rooker* nor *Feldman* supports the notion that properly invoked concurrent jurisdiction vanishes if a state court reaches judgment on the same or related question while the case remains *sub judice* in a federal court." (Internal quotation marks and citations omitted).

The second reason that Rooker-Feldman does not apply is because Plaintiff raises a facial challenge to a state statute.[5] In *Howard v. Whitbeck*, 382 F.2d 633 (6th Cir. 2004), the Sixth Circuit held that the dismissal of an as-applied constitutional claim under Rooker-Feldman "does not mean that the facial challenge cannot be allowed to proceed." *Id*. at 640. *See also Smith v. Oakland County Circuit Court*, 344 F.Supp.2d 1030, 1059 (E.D. Mich. 2004)("The facial challenge jurisdiction is not precluded under the Rooker-Feldman doctrine.").

**C. Rule 12(b)(1)/Subject Matter Jurisdiction**

Where a claim is frivolous, a court may dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). "[A] district court may, at any time, *sua sponte*, dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to

---

[5] At p. 2 of the "Memorandum of Points and Authorities" attached to his complaint, Mr. Heit incorporated "all legal arguments and authorities contained and used in his Motion to Terminate personal Protection Order." That state court motion, which is also appended to his complaint as Attachment C, states at ¶ 7 that Mr. Heit "challenges on it's (sic) face the constitutional validity of MCL 750.411s."

discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). *See also Higgins v. Lavine*, 415 U.S. 528, 536-37 (1974) (patently frivolous case divests the district court of jurisdiction). A case is frivolous if it lacks arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In *Howard v. Whitbeck*, 382 F.3d at 640, the Court stated:

> "Whether or not Howard's general challenge to the Michigan statute would ultimately succeed is irrelevant to the question of subject matter jurisdiction, *as long as the claim presented is not frivolous*. *See Musson Theatrical, Inc. v. Fed. Express Corp.,* 89 F.3d 1244, 1248–49 (6th Cir.1996) (in responding to a motion under Rule 12(b)(1), 'the plaintiff can survive the motion by showing any arguable basis in law for the claim made')." (Emphasis added).

While Mr. Heit may survive a subject matter jurisdictional challenge under Rooker-Feldman, he does not fare as well under *Apple v. Glenn*.

Mr. Heit brings a First Amendment facial challenge to M.C.L. § 750.411s. "Sustaining a facial attach to the constitutionality of a state law...is momentous and consequential. It is an 'exceptional remedy.'" *Speet v. Schuette*, 726 F.3d 867, 872 (6th Cir. 2013). Mr. Heit claims, in effect, that the statute is overbroad because it can criminalize protected speech, including political speech that criticizes public officials. In the context of a First Amendment facial challenge, "a plaintiff must show substantial overbreadth: that the statute prohibits 'a substantial amount of protected speech both in an absolute sense and relative to [the statute's] plainly legitimate sweep[.]'" *Id*. (quoting *Carey v. Wolnitzek*, 614 F.3d 189, 208 (6th Cir. 2010). The Court in *Speet* further stated:

> "To succeed in an overbreadth challenge, therefore, a plaintiff must 'demonstrate from the text of [the statute] and from actual fact that a substantial number of instances exist in which the [statute] cannot be applied constitutionally.' *N.Y. State Club [Ass'n v. City of N.Y.,* 487 U.S. 1, 108 S.Ct. 2118 (1988)] at 14, 108 S.Ct. 2225.
>
> "So the first step in reviewing a facial challenge to a law's overbreadth requires us ' "to determine whether the enactment reaches a substantial

amount of constitutionally protected conduct." ' *City of Houston [v. Hill],* 482 U.S. [451, 107 S.Ct. 2502 (1987)] at 458–59, 107 S.Ct. 2502 (quoting *Vill. of Hoffman Estates,* 455 U.S. at 494, 102 S.Ct. 1186; *Kolender v. Lawson,* 461 U.S. 352, 359 n. 8, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983)). ***If the law does not reach a substantial amount of constitutionally protected conduct, 'then the overbreadth challenge must fail.*** ' *Vill. of Hoffman Estates,* 455 U.S. at 494, 102 S.Ct. 1186." (Emphasis added).

The statute in question provides as follows:

"Sec. 411s. (1) A person shall not post a message through the use of any medium of communication, including the internet or a computer, computer program, computer system, or computer network, or other electronic medium of communication, without the victim's consent, if all of the following apply:

(a) The person knows or has reason to know that posting the message could cause 2 or more separate noncontinuous acts of unconsented contact with the victim.

(b) Posting the message is intended to cause conduct that would make the victim feel terrorized, frightened, intimidated, threatened, harassed, or molested.

(c) Conduct arising from posting the message would cause a reasonable person to suffer emotional distress and to feel terrorized, frightened, intimidated, threatened, harassed, or molested.

(d) Conduct arising from posting the message causes the victim to suffer emotional distress and to feel terrorized, frightened, intimidated, threatened, harassed, or molested."

Importantly, paragraph (6) of the statute provides as follows:

(6) "***This section does not prohibit constitutionally protected speech or activity***." (Emphasis added).

If, as *Speet* instructs, the first question in the overbreadth challenge asks what substantial amount of constitutionally protected conduct this statute reaches, paragraph (6) provides the answer: None. *See People v. Sturgis,* 2014 WL 4160244, *1 (Mich.App. 2014)("It is clear from the above statutes [including § 750.411s] that constitutionally protected speech or activity cannot support a conviction for stalking, aggravated stalking,

or unlawful posting of a message.”).

In the Memorandum attached to his complaint, at p. 8, Mr. Heit asks whether those people who strongly voice unfavorable opinions and criticisms of Judge Matthews need “fear a lawsuit demanding that they be prohibited from expressing themselves in this manner, or face possible imprisonment and fines for doing so.” No, they do not, because the statute explicitly excepts constitutionally protected speech from its ambit.

Because by its very terms § 411s reaches no amount, much less a substantial amount of protected conduct, “the overbreadth challenge must fail.” *Village of Hoffman Estates*, 455 U.S. at 494. That being the case, Mr. Heit’s complaint is implausible, unsubstantial, and devoid of merit, and should therefore be dismissed pursuant to Rule 12(b)(1). *Apple v. Glenn, supra*.

## IV. CONCLUSION

I therefore recommend that Defendant’s Motion to Dismiss [Doc. #10] be GRANTED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed’n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served

upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: March 3, 2015

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was sent to parties of record on March 3, 2015, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager