UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD HEIT,

        Plaintiff,

v.

JUDGE LYNNE A. PIERCE,

        Defendant.
_____/

Case No. 14-cv-11315

Paul D. Borman
United States District Judge

R. Steven Whalen
United States Magistrate Judge

OPINION AND ORDER (1) DENYING PLAINTIFF'S OBJECTIONS (ECF NO. 16); (2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF NO. 13); AND GRANTING DEFENDANT'S MOTION TO DISMISS (ECF NO. 10)

Now before the Court is Plaintiff Richard Heit's Objections to Magistrate Judge R. Steven Whalen's Report and Recommendation that recommended dismissing Plaintiff's complaint for lack of subject matter jurisdiction because the allegations were "implausible, unsubstantial, and devoid of merit".  (ECF No., 13, Report and Recommendation, at 9).

This Court reviews *de novo* the portions of a report and recommendation to which objections have been filed.  28 U .S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  Having conducted a *de novo* review of the parts of the Magistrate Judge's Report and Recommendation to which valid objections have been filed pursuant to 28 U.S.C. § 636(b)(1), the Court will deny Plaintiff's objections, adopt the Report and Recommendation and grant Defendant's motion to dismiss.

I. BACKGROUND

The pertinent background facts of this matter are set forth in detail in the Magistrate Judge's Report and Recommendation and the Court adopts them here.  (ECF No. 13, 1-3).  In

summary, Plaintiff filed a *pro se* Complaint for Preliminary Injunction with this Court against Defendant Lynne A. Pierce, A Wayne County, Michigan Circuit Court Judge, seeking to restrain enforcement of a portion of a person protection order ("PPO") issued by Defendant against him. The PPO at issue was requested by a different state judge, Judge Cheryl Matthews, who presided over Plaintiff's fiancé's divorce action in Oakland County Circuit Court.  The PPO, issued by Defendant, in relevant part, prohibited Plaintiff from "posting a message through the use of any medium of communication, including the Internet or a Internet or a computer or any electronic medium, pursuant to MCL 750.411s".  Thereafter, Defendant filed a motion to dismiss pursuant to Rule 12(b)(6) alleging she was entitled to absolute judicial immunity and that the action was barred by the *Rooker-Feldman* doctrine.  Additionally, Defendant also argued pursuant to Rule 12(b)(1) that the Court should dismiss Plaintiff's Complaint because it was frivolous and thus, the Court lacked subject matter jurisdiction over the action.

The Magistrate Judge rejected Defendant's arguments of absolute immunity and application of the *Rooker-Feldman* doctrine, but recommended dismissing pursuant to Rule 12(b)(1) because Plaintiff's complaint was "devoid of merit" and "frivolous".  Plaintiff thereafter filed his objections to the Magistrate Judge's Report and Recommendation.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed "specific written objections" in a timely manner. *Lyons v. Comm'r Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004).  Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d

636, 637 (6th Cir.1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs*., 932 F.2d 505, 509 (6th Cir.1991).

Defendant moved to dismiss Plaintiff's complaint based FED. R. CIV. P. 12(b)(6) and (b)(1). Rule 12(b)(6) allows for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). But the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id*. (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). The Supreme Court had held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level...." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Dismissal is only appropriate if the plaintiff has failed to offer sufficient factual allegations that make the asserted claim plausible on its face. *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice.").

Additionally, Defendant argued that Plaintiff's complaint should be dismissed pursuant to Rule 12(b)(1). The United States Court of Appeals for the Sixth Circuit has described motions to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) as falling within two categories:

> A *facial* attack is a challenge to the sufficiency of the pleading itself. On such motion, the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party .... a *factual* attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction. On such a motion, no presumptive truthfulness applies to factual allegations .... And the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.

*United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) (internal citations omitted) (emphasis in original). "Under a facial attack, all of the allegations in the complaint must be taken as true, much as with a Rule 12(b)(6) motion." *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012) (citation omitted). Additionally, "a district court may, at any time, *sua sponte*, dismiss a complaint for lack of subject matter jurisdiction ... when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

The Court also notes that a *pro se* litigant's complaint must be liberally construed and held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### III. ANALYSIS

In the present case, Plaintiff argues that the Magistrate Judge erred when he concluded that his First Amendment facial challenge to Mich. Comp. Laws § 750.411s was devoid of merit.

4

As the Sixth Circuit has explained, "[w]here a plaintiff makes a facial challenge under the First Amendment to a statute's constitutionality, the 'facial challenge' is an 'overbreadth challenge.'" *Speet v. Schuette*, 726 F.3d 867 (6th Cir. 2013) (citations omitted). To succeed on such a challenge, a plaintiff must show "that a 'substantial number of instances exist in which the law cannot be applied constitutionally.'" *Id*. (citing *Glenn v. Holder*, 690 F.3d 417, 422 (6th Cir. 2012)). Additionally, "a plaintiff must show substantial overbreadth: that the statute prohibits a substantial amount of protected speech both in an absolute sense and relative to [the statute's] plainly legitimate sweep". *Id*. (citing *Carey v. Wolnitzek*, 614 F.3d 189, 208 (6th Cir. 2010) (internal quotation marks omitted)). In sum, to be successful in an overbreadth facial challenge, the plaintiff "must demonstrate from the text of [the statute] and from actual fact that a substantial number of instances exist in which the [statute] cannot be applied constitutionally." *Id*. (quoting *N.Y. State Club Ass'n v. City of N.Y.*, 487 U.S. 1, 14 (1988)).

The statute at issue, Mich. Comp. Laws § 750.411s, entitled "Posting messages through electric medium without consent", provides:

(1) A person shall not post a message through the use of any medium of communication, including the internet or a computer, computer program, computer system, or computer network, or other electronic medium of communication, without the victim's consent, if all of the following apply:

(a) The person knows or has reason to know that posting the message could cause 2 or more separate noncontinuous acts of unconsented contact with the victim.

(b) Posting the message is intended to cause conduct that would make the victim feel terrorized, frightened, intimidated, threatened, harassed, or molested.

(c) Conduct arising from posting the message would cause a reasonable person to suffer emotional distress and to feel terrorized, frightened, intimidated, threatened, harassed, or molested.

>   (d)   Conduct arising from posting the message causes the victim to suffer emotional distress and to feel terrorized, frightened, intimidated, threatened, harassed, or molested.

MICH. COMP. LAWS § 750.411s.  Section 750.411s also specifically provides: "This section does not prohibit constitutionally protected speech or activity."  MICH. COMP. LAWS § 750.411s(2)(6).

Based on the clear and unequivocal language in the statute, the Magistrate Judge recommended that Plaintiff's facial challenge to § 750.411s was frivolous and without merit as the statute clearly provided that it does not criminalize or reach any, let alone a substantial amount of, "protected speech or activity".  *See also People v. Sturgis*, No. 314821, 2014 WL 4160244, *1 (Mich. App. 2014) (noting "[i]t is clear from the above statutes [including § 750.411s] that constitutionally protected speech or activity cannot support a conviction for stalking, aggravated stalking, or unlawful posting of a message.").

Plaintiff's current objections are directed mainly at the veracity of Judge Matthews' allegations against him.  Plaintiff also poses multiple hypothetical questions based on his interpretation of the shortfalls of the statute, to wit: "Plaintiff does not like clowns.  Without question they cause him mental and emotional distress, and to feel terrorized, frightened, etc.  For this reason Plaintiff avoids Barnum & Bailey's Circus, as well as online images containing clowns like the plague.  This does not mean, however, that Plaintiff can seek a PPO against them.  Does it?"  (Obj. at 5).  Plaintiff also questions the propriety of the PPO based on the fact the judge first assigned to the case disqualified herself.  (Obj. at 6-7).

The Court finds the Magistrate Judge's analysis was without error as the statute at issue clearly excludes protected speech from its ambit.  Plaintiff's hypothetical fails to represent any relevant circumstance the could fall within the statute.  The Court notes that the statute provides

that the person posting the offending message must have "intended to cause conduct that would make the victim feel terrorized" and the statute only applies when "conduct arising from posting the message would cause a reasonable person to suffer emotional distress...". Mich. Comp. Laws § 750.411s(1)(b), (c). Further, Plaintiff's arguments regarding the truthfulness of Judge Matthew's allegations or conjecture regarding a judge's reasons for disqualification are not relevant to this action.

To the extent Plaintiff could be arguing that the statute is void for vagueness, the Court also finds this argument is similarly devoid of merit and frivolous. "As generally stated, the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983) (citations omitted). Where the statute at issue is a criminal statute that implicates the First Amendment, as the statute at issue in this case, then a stringent vagueness test applies. *See Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc*., 455 U.S. 489, 498 (1982). In a "First Amendment context a vagueness challenge may prevail on the ground that 'it is unclear whether [the statute] regulates a substantial amount of protected speech.'" *Condon v. Wolfe*, 310 F. App'x 807, 821 (6th Cir. 2009) (quoting *United States v. Williams*, 553 U.S. 285, 304 (2008)). The Supreme Court has explained that "perfect clarity and precise guidance have never been required even of regulations that restrict expressive activity." *Williams*, 553 U.S. at 304.

Plaintiff appears to argue that § 750.411s is void for vagueness because its provides: "A person shall not post a message through the use of any medium of communication...". Plaintiff

queries "Does this include sign language? Morse Code? Smoke signals? A sign or a placard posted in the front yard of one's private property? ..." (Obj. at 2). The Court finds that this argument frivolous. First, Plaintiff ignores that the pertinent statute is entitled "Posting messages <u>through electronic medium</u> without consent" (emphasis added). The statute also states that any "medium of communication" includes: "the internet computer, computer program, computer system, or computer network, or other electronic medium of communication, without the victim's consent...." Mich. Comp. Laws § 750.411s(1). Given these facts, Plaintiff's contention that the statute is void because a reasonable person could not know with any clarity to what "medium of communication" the statue could refer, is a claim that is "unsubstantial, frivolous, [and] devoid of merit" *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

Therefore, the Court finds that Plaintiff's objections are without merit and the Magistrate Judge's Report and Recommendation was without error regarding Plaintiff's First Amendment facial challenge to § 750.411s. Accordingly, the Magistrate Judge's Report and Recommendation will be adopted and Plaintiff's Complaint dismissed.

IV. CONCLUSION

For all these reasons, the Court

(1) DENIES Plaintiff's Objections (ECF No. 16);

(2) ADOPTS the Magistrate Judge's Report and Recommendation (ECF No. 13); and

(3) GRANTS Defendant's Motion to Dismiss.

IT IS SO ORDERED.

                                                s/Paul D. Borman
                                                PAUL D. BORMAN
Dated: October 13, 2015             UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 13, 2015.

                                              s/Deborah Tofil
                                              Case Manager